UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:99-cr-119 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| MARK VAN HOOSIER ) | |
| ) | |

**O R D E R**

Before the Court is Defendant Mark Van Hoosier's ("Defendant") Motion for Correction or Reduction of Sentence (Court File No. 76). For the following reasons, the Court will **DENY** Defendant's motion.

On April 5, 2006, the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") held this Court erred when it sentenced Defendant to a five-year mandatory minimum sentence. *United States v. Van Hoosier*, 442 F.3d 939, 945 (6th Cir. 2006). The Sixth Circuit remanded for imposition of the statutory ten-year mandatory minimum. *Id.* During the resentencing hearing on October 26, 2006, Defendant argued the Court should reconsider Defendant's sentence on all counts pursuant to *United States v. Booker*, 542 U.S. 220 (2005). However, the Court refused to consider Defendant's *Booker* argument, finding it was without authority to engage in a *Booker* analysis because the Sixth Circuit limited the scope of the remand to the "imposition of the ten-year mandatory minimum." *Van Hoosier*, 442 F.3d at 945. In explaining the power of a district court upon remand, the Sixth Circuit has stated:

> When a resentencing follows a remand from this court, the district court has the discretion to grant a departure, unless this court limited the scope of the remand. *Cf., e.g., United States v. Jennings*, 83 F.3d 145, 151 (6th Cir.) ("On remand, the only

constraint under which the District Court must operate, for the purposes of resentencing, is the remand order itself. Where the remand does not limit the District Court's review, sentencing is to be de novo."), *amended by* 96 F.3d 799 (6th Cir. 1996). Under 28 U.S.C. § 2106 the courts of appeal have broad discretion to issue general or limited remands. *See United States v. Moore*, 131 F.3d 595, 597 (6th Cir. 1997). Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate. *See, e.g., id.* at 598 ("[A] limited remand constrains the district court's resentencing authority to the issue or issues remanded."). General remands, in contrast, give district courts authority to address all matters. *See id.* at 597. The standard for evaluating remands is "whether this court's mandate to the district court was so narrow in scope as to preclude the district court from considering [a particular] issue." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). Thus, a limited remand sufficiently outlines the procedure the district court is to follow and the "chain of intended events [is] articulated with particularity." *United States v. Campbell*, 168 F.3d 263, 268 (6th Cir.), cert. denied, 120 S. Ct. 195, 145 L. Ed. 2d 164, 1999 WL 462187 (1999).

*United States v. Wilson*, 202 F.3d 271, 1999 WL 1336079, *1 (6th Cir. Dec. 21, 1999). In this case, the Sixth Circuit did not issue a general remand for "resentencing." Instead, the Sixth Circuit limited the scope of the remand only "for imposition of the ten-year mandatory minimum." *Van Hoosier*, 442 F.3d at 945. The remand was limited in scope and only allowed this Court to impose the statutory ten-year mandatory minimum. Therefore, the Court is without authority to grant Defendant's relief. For the above reasons, the Court **DENIES** Defendant's Motion for Correction or Reduction of Sentence (Court File No. 76).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**